John A. Monteleone, J.
The defendants Brooklyn Hospital and Dr. Sidney M. Fierst move to reconvene the medical malpractice panel to make specific findings or, in the alternative, to quash the findings made by the medical malpractice panel on May 23, 1977. The panel findings were: no liability on the part of the defendant, Dr. Michael Veneziano, and no findings with respect to the remaining defendants, Brooklyn Hospital and Dr. Sidney M. Fierst, an employee of said hospital.
The moving defendants contend that the failure to make specific findings where multiple issues are presented involving various defendants may lead to speculation and prejudice by a jury at the time of trial. This court is most sympathetic to the defendants’ position and is fully aware that without specific findings many problems are created.
In this case, as in most medical malpractice cases, we find the plaintiff alleging multiple departures from good and accepted medical practice. Experience also shows that with various defendants, the plaintiff in addition to claiming more than one departure or deviation against a particular defendant has separate theories of malpractice as to each defendant.
Section 148-a of the Judiciary Law, effective September 1, 1974 was enacted by our Legislature at the urging of the medical societies and the medical profession in general. It was hoped by the sponsors of this legislation that the medical malpractice panel, consisting of a Justice of the Supreme Court, a medical or podiatric doctor and an attorney at law would stem the tide of medical malpractice litigation and in addition create a quasi-legal review board to determine if there is any merit to these actions.
The procedures for conducting the medical malpractice hearings was set forth in section 148-a of the Judiciary Law and augmented by rules promulgated by the Appellate Divisions in each Department. The hearings are informal with no stenographic record. There are no witnesses sworn nor any cross-examination. Pleadings, medical records, including X rays, examinations before trial, doctors’ opinions and other *382 written material may be presented followed by discussion by counsel for the parties.
Subdivision 8 of section 148-a of the Judiciary Law reads as follows:
"If the three members of the panel concur as to the question of liability, a formal written recommendation concerning such question of liability shall be signed by the panel members and forwarded to all parties. In such event, the recommendation shall be admissible in evidence at any subsequent trial upon the request of any party to the action. The recommendation shall not be binding upon the jury or, in a case tried without a jury, upon the trial court, but shall be accorded such weight as the jury or the trial court chooses to ascribe to it.
"If the recommendation is read to the jury or by the trial court, the doctor member or the attorney member of the panel, or both of them, may be called as a witness by any party with reference to the recommendation of the panel only. The party calling such witness or witnesses shall pay their reasonable fees and expenses.”
The last paragraph of subdivision 8 provides that in the event the panel recommendation is read to the jury, the doctor member or the attorney member of the panel may be called as a witness by any party with reference to the recommendation of the panel. The court interprets this language to mean that a witness panelist may be asked to explain on what basis a panel finding was made and with respect to what specific contentions or departures from good and accepted medical practice.
The failure to permit questioning of the panelists concerning its specific findings would clearly violate due process and render this act unconstitutional. It may be that a panel finds liability in favor of a plaintiff upon only one of several contentions of malpractice and that upon trial no evidence is introduced by the plaintiff to support this alleged act of malpractice or that the jury rejects the alleged departure which the panel relied upon in making its finding. Since the panel recommendation is not binding upon the jury and since the jury is to pass upon the probative value of this finding, it necessarily follows that a party may examine into the basis upon which the panel finding was made. To foreclose a panelist from testifying as to specific findings would negate the *383 mandate of the Legislature to have the jury pass upon the probative value or weight of the panel finding.
The aforesaid statutory language clearly states that a unanimous panel finding shall concern itself merely with liability. There is no direction to make specific findings. It’s apparent that if the legislative intent was to have the panel make specific findings it would have so stated. It also would logically follow that the hearing should then be a formal one with a stenographic record. Otherwise a party could never challenge a specific finding on the basis that it was not supported by the credible evidence. (Also see Kletnieks v Brookhaven Assn., 53 AD2d 169.)
The constitutionality of this statutory act creating the medical malpractice panel has been sustained by the Appellate Division, Second Department, in Comiskey v Aden (55 AD2d 304).
The Court of Appeals in Montgomery v Daniels (38 NY2d 41) clearly stated that legislation of this type is clearly a matter of judgment of the Legislature. The question is not whether an individual Judge agrees or disagrees with a statute. It is the function of the courts to respect and uphold a reasonable exercise of the legislative power to deal with issues concerning public health and welfare of our citizens. After laws are passed and put into effect, time and experience bring about amendments and at times repeal.
Accordingly, the motion is denied in its entirety. The type of relief requested is a matter for legislative action if such body deems it in the interest of the public.